IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No.

TODD BLUEMKE,

    Plaintiff,

v.

THE STANDARD FIRE INSURANCE COMPANY,

    Defendant.

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, The Standard Fire Insurance Company ("Standard Fire"), by and through its undersigned counsel, hereby removes this action from the Superior Court Division of the North Carolina General Court of Justice, in and for Mecklenburg County, to the United States District Court for the Western District of North Carolina. In support thereof, Standard Fire states as follows:

1.    This case was originally filed in the Superior Court Division of the North Carolina General Court of Justice, in and for Mecklenburg County, on May 15, 2025, under the name and style of *Todd Bluemke v. The Standard Fire Insurance Company*, 25-CV-024129-590. (*See* true and accurate copies of the Civil Summons and Complaint, attached as **Exhibits 1 and 2** respectively). Because Mecklenburg County is situated within this district, this Court is the proper venue for removal. *See* 28 U.S.C. § 1446(a).

2. On June 27, 2025, the North Carolina Department of Insurance ("DOI") received and accepted a copy of the Civil Summons and Complaint.

3. On July 3, 2025, DOI mailed copies of the Civil Summons and Complaint to Standard Fire as noted in its "Service of Process" letter. (*See* a true and accurate copy of the letter, attached as **Exhibit 3**).

4. Standard Fire received copies of the Civil Summons and Complaint from the NC DOI, on July 14,2025. (*See* a true and accurate copy of the mailing envelope with tracking results, attached as **Exhibit 4**). Accordingly, Standard Fire's time to remove has not yet expired. *See* 28 U.S.C. § 1446(b)(1); *Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 393–94 (4th Cir. 2018) (finding that 30-day removal deadline does not start until the insurer actually receives the notice from the North Carolina Department of Insurance).

## JURISDICTIONAL BASIS UNDER 28 U.S.C. § 1332

5. This Court has subject matter jurisdiction over this controversy under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000.00 and there is complete diversity among Plaintiff and Standard Fire.

I. **Complete Diversity of Citizenship Exists**

6. According to the Complaint, Plaintiff is a citizen of North Carolina. (Ex. 2 at ¶ 2).

7. Standard Fire is a corporation organized and existing under the laws of the State of Connecticut and has its principal office located in Hartford, Connecticut. Therefore, Standard Fire is a citizen of Ohio.

8. Thus, because the parties to this action are citizens of different States, complete diversity exists.

## II. The Amount in Controversy Exceeds $75,000

9. As stated above, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10. The Complaint alleges that "[t]his is an action for breach of contract wherein Plaintiff seeks damages more than $25,000…" (Ex. 2 at ¶ 1).

11. As a general rule, the amount in controversy is determined by "the status of the case as disclosed by the plaintiff's complaint." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 US. 283, 291, 58 S. Ct. 586, 82 L. Ed. 845 (1938).

12. This Court should retain jurisdiction of this matter as the amount in controversy is unclear from the face of the Complaint and Plaintiff's Complaint establishes an amount in controversy above $75,000.00 by a preponderance of the evidence.

**A. The Amount in Controversy is Unclear from the Face of Plaintiff's Complaint and the Amount in Controversy Exceeds $75,000.00 by a Preponderance of the Evidence.**

13. In *McDonald v. Automoney, Inc.,* this Court stated "[i]f the amount in controversy is unclear on the face of the initial pleading, including where 'the State practice either does not permit demand for a specific sum **or permits recovery of damages in excess of the amount demanded**[,]' the defendant may assert the amount in controversy in the Notice of Removal." No. 1:21CV114, 2021 U.S. Dist. LEXIS 228681, at *4-5 (M.D.N.C. Nov. 30, 2021), (*citing* 28 U.S.C. § 1446(c)(2))(emphasis added).

14. Likewise, in *Cannon v. AutoMoney, Inc.*, this Court stated,

> If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
>
>> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks--
>>
>>> (i) nonmonetary relief; or
>>>
>>> (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>>
>> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

Case No. 1:19-cv-00877, 2020 U.S. Dist. LEXIS 103433, at *7-8 (M.D.N.C. May 12, 2020)(*citing* 28 U.S.C. § 1446(c)(2) and *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 190 L. Ed. 2d 495 (2014).

15. Here, North Carolina state practice permits recovery of damages in excess of the amount demanded on the face of Plaintiff's Complaint.

16. Further, Plaintiff's own Complaint establishes, by a preponderance of the evidence, that his damages exceed $75,000.00.

17. Plaintiff alleges that he had a policy of insurance with The Standard Fire Insurance Company and the Property sustained damage from the fire that was covered under the Policy. (Ex. 2 at ¶¶ 6 and 10).

18. Plaintiff alleges that Standard Fire "failed to honor and pay the portion of the Claim for loss of Personal Property, under Coverage C of the Policy." (Ex. 2 at ¶ 13).

19. Plaintiff attached his Standard Fire Policy's Declaration Page as Exhibit A to his Complaint which shows that the total limit of liability under "Coverage C" is $165,200. (Ex. 2 at Exhibit A, p. 1).

20. Accordingly, the amount in controversy requirement under 28 U.S.C. § 1332 is satisfied.

## **CONCLUSION**

21. As stated above, the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs, and this matter is between citizens of different states. Accordingly, this Honorable Court has jurisdiction pursuant to 28 U.S.C §§ 1332 and 1441.

22. Pursuant to 28 U.S.C. § 1441(a), this Court is the proper venue for removal because it is the district embracing the place where the originally filed State Action is pending.

23. Pursuant to 28 U.S.C. § 1446(a), the summons is attached as **Exhibit 1,** and the Complaint is attached as **Exhibit 2**. No other pleadings, process, or orders have been served upon Standard Fire in this action.

24. All documents associated with Case No. 25-CV-024129-590 of which Defendant is aware are attached hereto.

25. Standard Fire reserves all defenses based on personal jurisdiction, sufficiency of service of process, sufficiency of process, and any other defense available under Rule 12(b) of the Federal Rules of Civil Procedure.

26.     Pursuant to 28 U.S.C. § 1446(d), notice of this removal will be promptly filed with the clerk of the Superior Court for Mecklenburg County, and served on the other parties to this action forthwith.

Respectfully submitted, this the 13th day of August, 2025.

/s/ *Andrew K. Sonricker*
Rachel E. Keen (N.C. Bar No. 27777)
Andrew K. Sonricker (N.C. Bar No. 55224)
Womble Bond Dickinson (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-2149
Facsimile: (919) 755-2150
Email: Rachel.Keen@wbd-us.com
            Andrew.Sonricker@wbd-us.com

*Attorneys for Defendant Standard Fire Insurance*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is the attorney at law licensed to practice in the State of North Carolina, is the attorney for Defendant in this matter, and is person of such age and discretion as to be competent to serve process.

That on August 13, 2025, he served a copy of the foregoing **NOTICE OF REMOVAL** via email to:

   Gregory Gilbert
   Law Offices of Gregory Gilbert, P.A.
   80 NE 4th Avenue, Suite 12
   Delray Beach, FL 22483
   Email: GG@gilbertpropertylaw.com

*Attorney for Plaintiff*

/s/ *Andrew K. Sonricker*
Andrew K. Sonricker (N.C. Bar No. 55224)
Womble Bond Dickinson (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-2149
Facsimile: (919) 755-2150
Email: Andrew.Sonricker@wbd-us.com

*Attorney for Defendant Standard Fire*